UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Tony Cole,

    Plaintiff,

v.

Joseph Faulkner, *et al.*,

    Defendants.

Case No. 24 C 12117

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Tony Cole has filed several motions. As explained below, the Court grants in part and denies in part Cole's motion for reconsideration [94] and maintains the dismissal of Cole's claims; denies Cole's motion for recusal [96], motion to stay pending appeal [108], and motion for sanctions [112]; grants Cole's motion to appeal in forma pauperis [103] and his motions for leave to file additional materials [131] [139]; and denies Cole's other pending motions [92] [119] [142] [144] [146] [148].

## Background

This case arose from Cole's eviction from a building in Chicago pursuant to state proceedings, which Cole alleged in his complaint was improper, retaliatory, and based on a fraudulent transfer of the property. Cole therefore brought federal claims against various individuals and a corporate entity for retaliatory eviction under the Fair Housing Act and for violation of his Fourteenth Amendment due-process rights under 42 U.S.C. § 1983, and state-law claims for fraudulent transfer, retaliatory eviction, and legal malpractice. Am. Compl., ECF No. 18. Cole's requested relief included compensatory and punitive damages and injunctive relief,

including declaring the property transfer fraudulent and void and enjoining Defendants from pursuing eviction proceedings against him.

During the early stages of the litigation, Cole sought preliminary injunctive relief to halt eviction proceedings, which the court denied after concluding Cole was unlikely to succeed on the merits of his claims, and Defendants filed motions to dismiss Cole's claims, to which Cole responded. *See* ECF Nos. 54, 55, 62. At a hearing on March 6, 2025, and after temporarily prohibiting Defendants from disposing of Cole's personal property from the building at issue, the Court granted Defendants' motions to dismiss, and final judgment was entered. *See* Tr., ECF No. 91; ECF No. 86. Specifically, the Court found that the *Rooker–Feldman* doctrine prevented the Court from exercising jurisdiction over Cole's federal claims because Cole's case was inextricably intertwined with the state-court eviction rulings and proceedings and declined to exercise jurisdiction over any remaining state-law claims.

Cole has since filed several motions, including a motion for reconsideration of the Court's dismissal of his claims, along with motions for recusal, for a stay, for sanctions against Defendants, and for leave to appeal in forma pauperis.[1]

## Discussion

The Court addresses Cole's various motions in turn.

**1. Cole's motion for recusal [96]**

Cole has requested the recusal of the undersigned judge, claiming that the Court's rulings represent bias, procedural errors, and abuse of discretion. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here

---

[1] The Court grants Cole's motion [131] for leave to file additional exhibits in support of his reply for his motion for reconsideration and his motion for leave to file additional admissions [139].

2

he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. Cole argues the Court prematurely dismissed his case, improperly struck his filings, did not timely rule on his motions, and misapplied the law.

The Court concludes that recusal is not warranted here. "A party bears a heavy burden when seeking a judge's recusal for rulings made during litigation or for opinions the judge forms based on facts introduced during a case." *United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020). As explained below, Cole was provided with an ample opportunity to challenge Defendants' motions to dismiss and assert his arguments—and took that opportunity—before the Court dismissed the case. Further, given that the Court concluded it lacked jurisdiction over Cole's claims, and now maintains the dismissal of his claims, the Court appropriately denied Cole's various motions as moot. And though Cole may disagree with the Court's rulings and administration of the case, that disagreement does not warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . A judge's ordinary efforts at courtroom administration . . . remain immune."). Ultimately, Cole's claim for recusal is based merely on his dissatisfaction with the case and the Court's rulings, and the Court concludes that its prior rulings did not reflect any actual bias and its impartiality could not reasonably be questioned. *See United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022) ("To establish a judge's actual bias . . . a party must show, by 'compelling evidence,' that a reasonable observer would conclude that the judge was biased."); *Thomas v. Dart*, 39 F.4th 835, 844 (7th Cir. 2022) ("By itself, an adverse judicial ruling does not provide a valid basis for questioning a judge's impartiality.").

## 2. Cole's motion for reconsideration [94]

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Cole's motion for reconsideration largely re-raises arguments Cole previously made in response to Defendants' motions to dismiss. *See id.* at 606 (denying motions for reconsideration where they "merely took umbrage with the court's ruling and rehashed old arguments"). Nevertheless, the Court on further review will reconsider its prior ruling regarding the *Rooker–Feldman* doctrine in light of recent Seventh Circuit caselaw.

Cole argues that the Court misapplied the *Rooker–Feldman* doctrine and that his claims are not barred by the doctrine as the Court concluded. In particular, he argues that his claims in this case were independent claims of fraud, civil-rights violations, and constitutional violations that did not seek review of his state-court proceedings and therefore fall outside of *Rooker–Feldman* given the Supreme Court's opinion in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005).

In *Exxon Mobil*, the Supreme Court stated that "*Rooker–Feldman* is not triggered simply by the entry of judgment in state court" and "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction." *Exxon Mobil*, 544 U.S. at 292–93 (cleaned up). Here, Cole alleged that Defendants fraudulently misused state eviction courts to harm him, thus violating his civil rights, and asked the Court to award damages based primarily on the injuries he suffered because of the state-court proceedings, declare the property transfer fraudulent and void, and halt state-court eviction proceedings against him.

4

The Seventh Circuit recently clarified, in a case neither party cited during briefing or since, that in determining whether the *Rooker–Feldman* doctrine applies to purportedly independent federal claims, "identifying what the plaintiff has requested is the key *Rooker-Feldman* inquiry." *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 793 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1167 (2025).[2] In *Gilbank*, circuit court clarified "that *Rooker–Feldman* does not apply when, given the relief sought, a plaintiff . . . does not seek to reverse a state court judgment." *Id.* In light of *Gilbank*, the "*Rooker-Feldman* doctrine does not bar a federal suit that seeks damages relating to a state court order that did not impose monetary penalties." *Wang v. City of Indianapolis*, No. 24-2664, 2025 WL 1000158, at *3 (7th Cir. Apr. 3, 2025); *see also Gilbank*, 111 F.4th at 793 ("[A]warding damages usually does not affect a state court judgment not sounding in monetary terms.").

Here, Cole requests as relief that the Court declare certain state-court proceedings void and undo state eviction actions—that is not allowed under *Rooker–Feldman*. But he also asks for damages for the harm he suffered as a result of those proceedings based on Defendants' allegedly unlawful conduct related to them. That requested relief does not seek reversal of a state-court judgment but merely asks for collateral damages. *See id.*; *see also Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014) ("Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment."). Cole's federal claims as to damages therefore survive a *Rooker–Feldman* challenge, though his requests for injunctive relief against the state-court proceedings do not. *See Pushpin*, 748 F.3d at 773 ("It's true that the plaintiff is also asking that the default judgments be vacated,

---

[2] Though Judge Kirsch's opinion is identified as a concurrence in part, this section regarding applying *Rooker–Feldman* constitutes the majority opinion.

5

and that is relief that would violate the *Rooker–Feldman* doctrine; but that claim can be rejected without affecting the damages claim.").

Separately, the Court notes that as to Cole's allegations of fraud and collusion in the state-court proceedings as they relate to his non-damages claims, the Seventh Circuit has specifically rejected a "fraud" or "corruption" exception to the *Rooker–Feldman* doctrine. *See Gilbank*, 111 F.4th at 785 (expressing disapproval for "an exception to *Rooker-Feldman* based on a federal plaintiff's allegations that her state-court opponents or others misled or defrauded the state court into causing her injury" and stating that "*Rooker-Feldman* is simply not concerned with *why* a state court's judgment might be mistaken" and "fraud accusations do not change the calculus" (cleaned up); *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 401–02 (7th Cir. 2023) (rejecting plaintiff's argument that "because she claims to have been injured by defendants' corruption of the state court proceedings, her injury is independent of the state court judgment for purposes of *Rooker-Feldman*" and overruling cases recognizing a "corruption exception" to *Rooker–Feldman*). The Court therefore reconsiders its prior ruling only as to Cole's federal damages claims and finds that the *Rooker–Feldman* doctrine does not apply to those claims.

Nevertheless, Cole's federal claims fail for other reasons. As the Court explained at its March 6, 2025 hearing, Cole's claims under the Fair Housing Act fail because Cole has not alleged what right he was exercising under that statute that triggered its anti-retaliation provisions—he merely alleges he was "asserting his legal rights related to the property" generally. *See* Tr. at 7; 42 U.S.C. § 3617 (prohibiting retaliation based on the exercise of "any right granted or protected by section 3603, 3604, 3605, or 3606 of this title"); *Johnson v. Flannery*, 3:21-cv-50421, 2022 WL 103710, at *2 (N.D. Ill. Jan. 11, 2022) ("Johnson, however, has not alleged that he was retaliated against for exercising one [of] his rights *under one of those provisions*. . . . That may be retaliation,

6

but it is not retaliation under the Fair Housing Act." (emphasis added)); *see also Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (allowing plaintiffs to "proceed under § 3617 *for interference with their § 3604 rights*" (emphasis added)).[3] Cole's Fair Housing Act Claim thus failed to state a claim and is properly dismissed.

Cole's civil-rights claim under § 1983 likewise fails to state a claim. A § 1983 plaintiff "must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren Cnty.*, 830 F.3d 464, 468 (7th Cir. 2016). Defendants in this case are private persons and entities. "For a private actor to act under color of state law he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiff[] a constitutional right." *Id.*

Cole argues that his § 1983 claim can proceed because Defendants misused the state courts to harm him, which in his view transforms their conduct into actions done under color of state law. But Defendants did not become state actors for § 1983 purposes merely by pursuing eviction or other state-court proceedings against Cole. *See Hu v. Huey*, 325 F. App'x 436, 439–40 (7th Cir. 2009) ("Hu argues that Huey became a state actor by filing an eviction proceeding in state court. . . . But Hu is wrong. . . . Illinois has no interest in the outcome of the eviction proceeding, and it did not transform Hu into a state actor merely by holding its courts open to litigation" (cleaned up)); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) ("Mere use of the courts by a private party, without more, does not constitute governmental action for purposes of § 1983[.]."); *Walker v. Fed. Land Bank of St. Louis*, 726 F. Supp. 211, 214 (C.D. Ill. 1989)

---

[3] Cole purports to cite cases allowing retaliation claims under the Fair Housing Act in similar circumstances: "*Village of Bellwood v. Al-Raheem*" and "*Penzell v. Chicagoland Association for the Disabled*." The Court was unable to find those cases using the citations provided or otherwise.

("[N]either the mere institution of a foreclosure proceeding nor the use of a state's tribunals establish state action[.]"). Cole therefore has not adequately alleged that Defendants were acting under color of state law and his § 1983 claim must be dismissed for failure to state a claim. Cole's federal claims thus shall remain dismissed.

Cole also argues that he was not given a meaningful opportunity to be heard before the Court dismissed his case because briefing had not yet completed for Defendants' motions to dismiss. But the only briefing that was left at the time was Defendants' own reply—Cole had responded to the motions and the Court had reviewed Cole's response before ruling on the motions. Cole had an ample opportunity to present his arguments on the dismissal issues—and availed himself of that opportunity—and the Court considered Cole's arguments in reaching its conclusions.

Cole additionally argues that the Court should have remanded his state-law claims rather than dismissing them. But Cole's claims originated in this Court—they were not removed from state court. Dismissal, rather than remand, therefore was appropriate. *See Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d 1070, 1079 (N.D. Ind. 2021) ("Because the federal claims are being dismissed, the court will decline to exercise supplemental jurisdiction over Daugherty's state law claims. These claims will be dismissed without prejudice to Daugherty and it may bring them, if it chooses, in state court.").

The Court therefore grants in part and denies in part Cole's motion for reconsideration [94] and does not reinstate Cole's claims—they remain dismissed.

### 3. Cole's motion to stay pending appeal [108]

To decide whether to grant a stay pending appeal, the Court applies the same standard as it would for granting a preliminary injunction—the Court "consider[s] the moving party's

likelihood of success on the merits, the irreparable harm that will result to each side if the stay is granted or denied in error, and whether the public interest favors one side or the other." *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). A stay is not warranted here. At the outset, there is nothing meaningful for the Court to stay—its prior judgment merely dismissed Cole's case and did not order any other injunctive or monetary relief. Instead, what Cole really seeks is a new injunction against Defendants, which is beyond the scope of a stay he purportedly seeks and is not warranted in light of the Court's dismissal of his claims. Moreover, Cole does not have a likelihood of success on the merits for the reasons explained above and in the Court's prior rulings, including its prior rulings denying him an injunction: Cole's claims fail in this Court for lack of jurisdiction and failure to state a claim. The Court therefore denies Cole's motion for a stay pending his appeal of the Court's dismissal of his claims.

4. **Cole's motion for sanctions [112]**

The Court denies Cole's motion for judicial notice and for Rule 11 sanctions against Defendants and their counsel. First, as Cole acknowledges, the motion was not properly served on Defendants as required. *See* Fed. R. Civ. P. 11(c)(2). Second, Cole's sanctions motion targets an entity that is not part of this case regarding matters that are irrelevant given the Court's dismissal of Cole's case. Cole's claims have been dismissed for lack of jurisdiction and failure to state a claim—none of that is affected by the alleged fraud Cole attempts to present to the Court. The Court therefore will not award sanctions against Defendants or their counsel.

5. **Cole's motion to appeal in forma pauperis [103]**

Cole has filed an affidavit regarding his in forma pauperis status for appeal [103], which the Court construes as a motion for leave to appeal in forma pauperis. Given Cole's in forma pauperis status, he may not appeal if this Court certifies that his appeal is not taken in good faith.

28 U.S.C. § 1915(a)(3); Fed R. App. P. 24(a)(3)(A). Defendants have not responded to Cole's motion, and the Court grants it. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) ("[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."); *Jennings v. United States*, 472 F. Supp. 2d 1067, 1070 (S.D. Ill. 2006) ("[A]lthough Jennings's asserted grounds for appeal are meritless, they have been raised in good faith. Therefore, the Court will not certify that Jennings's appeal is taken in bad faith.").

### 6. Cole's other motions

Given the Court's dismissal of Cole's action, the Court denies all other pending motions as moot.

### Conclusion

The Court grants in part and denies in part Cole's motion for reconsideration [94]. Cole's claims remain dismissed. The Court denies Cole's motion for recusal [96], motion to stay pending appeal [108], and motion for sanctions [112]. The Court grants Cole's motion to appeal in forma pauperis [103] and his motions for leave to file additional materials [131] [139]. The Court denies Cole's other pending motions [92] [119] [142] [144] [146] [148].

**SO ORDERED.**                                                              **ENTERED: May 9, 2025**

_____
**HON. JORGE ALONSO**
**United States District Judge**